## In Re: Change of Name of Brian Quinn and Matthew Quinn

*Elliot B. Edley*, for petitioners.
*Walter R. Quinn*, pro se.

BROMINSKI, *J.*, July 29, 1986—This matter comes before the court upon petition of Marguerite Dewees, natural mother of Brian Quinn and Matthew Quinn, and Fred Dewees, husband of Marguerite Dewees, to change the names of Brian Quinn and Matthew Quinn to Brian Dewees and Matthew Dewees, respectively.

The following facts were shown at the June 16, 1986 hearing:

1. Petitioners, Brian Quinn and Matthew Quinn, are minors, and are currently 10 years old and 16 years old, respectively.

2. Petitioners' natural mother is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at R.D. no. 5, Shrine View, Dallas, Luzerne County, Pa.

3. Petitioners' natural father is Walter Quinn, who, by agreement on June 17, 1982, gave full custody of petitioners to their mother and has only infrequently seen his minor children. His support payments have been sporadic and he has been brought before this court a number of times on contempt.

4. Petitioners currently reside with their natural mother and her husband at R.D. no. 5, Shrine View, Dallas, Luzerne County, Pa., and have resided with said individuals for the past several years.

5. Petitioners desire to change their names from Brian Quinn to Brian Dewees and Matthew Quinn to Matthew Dewees.

6. The reasons for desiring this change are as follows: petitioners currently reside and will continue to reside with their natural mother and her husband, Marguerite Dewees and Fred Dewees. The children also want the same surname as their natural mother and her husband with whom they reside.

7. Notice of this petition and hearing has been given to all parties which may have an interest.

8. Public notice of this hearing was by publication in two newspapers of general circulation in Luzerne County, Pa., of which one publication is the official paper for the publication of legal notices in Luzerne County.

9. An official search of the proper offices of Luzerne County has been conducted which shows that there are no judgments or decrees of record or any other matter of like character outstanding against said petitioners.

10. The children's natural father has challenged the name change on the grounds that the name change will further alienate him from his natural children.

## DISCUSSION

Name changes within the Commonwealth of Pennsylvania are covered by 54 Pa.C.S. §§ 701-705. Since these name changes are not for the purpose of evasion of taxes, judgments, liens or anything else, petitioners have met their initial burden.

Mr. Quinn's objection to the name change is based on the following. In 1984, the Dauphin County Court of Common Pleas held that a petition to change minor children's names will be denied where the natural father opposes the petition because of his fear that such change will further alienate him from his children's affections. Browne v. Burnett, 28 D.&C.3d 533 (1984).

It is within the discretion of this court to determine whether or not these fears of further alienation are real or imaginary. The Pennsylvania Supreme Court wrote:

"In granting or refusing (a name change) petition after due hearing and notice, the court has wide discretion." Petition of Falcucci, 355 Pa. 591, 50 A.2d 202 (1947).

Most of this discretion turns on the welfare of the children and the father's conduct towards the children. In 1984, the Court of Common Pleas for Westmoreland County wrote:

"the key factual issues usually involve the actions of the objecting parent (normally the father) as they relate to the child — is the father paying support for the child, has the father maintained contacts with the child by visitation, is the father guilty of some notorious misconduct which brings shame upon the name shared by the child." In Re: Petition of Stoves, 35 D.&C.3d 40 (1985).

First taking into consideration the children's welfare, the court determines that it would be in their best interest to have their names changed. In their testimony at the hearing, both Matthew and Brian expressed a sincere desire to have their names changed. Stenographer's record 17-33. The court rejects Mr. Quinn's contention that this desire is not sincere, but merely a desire fabricated by Mr. and Mrs. Dewees.

Second, this court can allow the name change over the objection if it finds that the father's support payments are nonexistent, sporadic or infrequent; In Re: Petition of Stoves, supra, or when the father's visitations are infrequent. In Re: Egger, 28 D.&C.3d 361 (1983).

At the hearing, it was shown that Mr. Quinn has only seen the children six to 10 times within the last three years. Stenographer's record, page 2. And also that he has been taken to court for contempt for nonpayment of support. Stenographer's record, page 10 and Exhibit no. 3. This court fails to see how this name change would "further alienate" Mr. Quinn from his already alienated children.

## CONCLUSION

For all the aforementioned reasons, the petition for name change is granted.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that the prayer of petitioners is granted and that Brian Quinn and Matthew Quinn be hereinafter known as Brian Dewees and Matthew Dewees, respectively.